## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHERYL BURRIS,                )
                             )
              Plaintiff,      )      Civil Action No.  2:20-cv-1020
                             )      (formerly Civil Action No. GD-19-14927
       v.                    )      in the Court of Common Pleas of
                             )      Allegheny County)
STEAK 'N STAKE,              )
                             )
              Defendant.     )

### **DEFENDANT STEAK 'N STAKE'S NOTICE OF REMOVAL**

Under 28 U.S.C. §§ 1331, 1367, 1441, and 1446 Defendant Steak 'N Shake Operations, Inc.[1], ("Defendant") gives Notice of Removal of the above-captioned matter, Civil Action No. GD-19-14927, formerly pending in the Court of Common Pleas of Allegheny County, Pennsylvania, to the United States District Court for the Western District of Pennsylvania. In support of removal, Defendant states as follows:

### I.    Factual Background

1.    On or about June 15, 2020, Plaintiff Cheryl Burris ("Plaintiff") filed a civil action Complaint against Defendant in the Court of Common Pleas of Allegheny County, Pennsylvania.

2.    The Complaint was served on Defendant on June 15, 2020.[2]

3.    Plaintiff's Complaint purports to set forth the following claims: (1) disability retaliation under the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12111 *et. seq.*; (2) disability discrimination under the ADA, 42 U.S.C. § 12111 *et. seq.*; (3) age discrimination under

---

[1] Incorrectly identified in the Complaint Caption as "Steak 'n Stake."

[2] On October 22, 2019, Plaintiff filed a Praecipe for Writ of Summons in the Court of Common Pleas of Allegheny County, Pennsylvania; however, Plaintiff's Complaint is the initial pleading setting forth the claims for relief upon which Plaintiff bases her civil action proceeding. See 28 U.S.C. § 1446 (b).

the Age Discrimination in Employment Act of 1967 ("ADEA"); (4) discrimination under the Pennsylvania Human Relations Act ("PHRA") 43 P.S. §955. Specifically, all of Plaintiff's claims are based upon Plaintiff's allegations that Defendant discriminated and retaliated against her because of her age and/or purported disability based upon Defendant's alleged denial of her request to return to work following her absence from work due to a medical condition.

4.      No further substantive proceedings have taken place in this action since the receipt of the Summons and Complaint by Defendant.

5.      Under 28 U.S.C. § 1446(a), copies of all process and pleadings served upon Defendant, along with a copy of the State Court Docket Sheet, are attached as **Exhibit A**.

## II.      Removal to This Court is Proper

### A.  Federal Question Jurisdiction Exists

6.      This Court has original (federal question) jurisdiction over Plaintiff's ADA (Counts I and II) and ADEA (Count III) claims because 28 U.S.C. § 1331 gives the Court "original jurisdiction of all civil actions arising under" the laws of the United States, and Plaintiff's claims arise under the workplace laws of the United States.  Specifically, in her Complaint, Plaintiff alleges Defendant discriminated and/or retaliated against Plaintiff based on her purported disability and request for an accommodation under the ADA, and/or because of her age in violation of the ADEA. Removal is therefore proper under 28 U.S.C. § 1441(a).

### B.  Supplemental Jurisdiction Exists

7.      This Court has supplemental jurisdiction over Plaintiff's disability and age discrimination retaliation claims (Count IV) under the Pennsylvania Human Relations Act ("PHRA") 43 P.S. §955, because 28 U.S.C. § 1367 gives the Court supplemental jurisdiction over all other claims that are so related to federal causes of action "that they form part of the same case

or controversy under Article III of the United States Constitution." State law claims fall within this Court's supplemental jurisdiction under 28 U.S.C. § 1367 when they share with the federal claim "a common nucleus of operative fact . . . such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Here, Plaintiff's PHRA claim, by its nature, arises out of a common nucleus of operative facts: Plaintiff's employment, purported disability, and the reasons for Plaintiff's separation of employment with Defendant. Additionally, there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). Thus, removal of Plaintiff's state law claims is proper.

### III.    Conclusion

8.    Under 28 U.S.C. § 1446(d), a copy of this Notice of Removal, with a Notice of the Filing of the Notice of the Removal, will be sent to Plaintiff's counsel and filed with the Clerk for the Court of Common Pleas of Allegheny County, Pennsylvania. A copy of the Notice of Filing of Notice of Removal is attached as **Exhibit B**.

9.    For the reasons outlined above, Plaintiff's Complaint is an action over which the District Court of the United States has federal question and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367, and is therefore properly removable pursuant to 28 U.S.C. § 1441(a) to the District Court of the United States embracing the place where such action is pending.

10.    By filing this Notice of Removal, Defendant waives no available defenses.

WHEREFORE, Defendant Steak 'N Shake, Operations Inc. respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove it from

3

the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court

for the Western District of Pennsylvania.


Dated: July 8, 2020                                    Respectfully submitted,

                                                       OGLETREE DEAKINS


                                                       By:   /s/  Patrick J. Fazzini
                                                             Patrick J. Fazzini, Esq.
                                                             PA ID No. 306664
                                                             One PPG Place, Suite 1900
                                                             Pittsburgh, Pennsylvania 15222
                                                             412-394-3333
                                                             patrick.fazzini@ogletree.com

                                                             *Attorney for Defendant*

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of July, 2020, I filed the foregoing via the Court's CM/ECF system and served the foregoing via U.S. First Class Mail, postage pre-paid, to the following:

Peter T. Kobylinski, Esq.
David M. Kobylinski, Esq.
Praetorian Law Group, LLC
515 Court Place, Suite 4
Pittsburgh, PA 15219

*Attorneys for Plaintiff*

 /s/  Patrick J. Fazzini
Patrick J. Fazzini, Esq.
Attorney for Defendant

43421833.1

5